Opinion of the Court by
Chief Justice Bibb.
In 1818, Collier exhibited his bill against Corbin Thompson and Patrick Johnson, complaining that Thompson represented that he had three surveys on Robinson’s creek, and by his representations, induced a general belief that he had right to them; that he sold those surveys to Patrick Johnson, who paid a valuable consideration, and obtained Thompson’s bond for the land. Afterwards Johnson discovering that Thompson’s title was worth nothing, that it had not been surveyed nor patented. *82 nor any officer’s fees paid, demanded a rescission of the contract; that Thompson and Johnson Confederated to defraud Collier, who had expressed a desire to own the land; that Johnson applied to Collier to make a purchase, and accordingly sold it to him for $50, whereof §50 were paid down, and two notes for §50 each were executed, payable at different dates by Collier to Johnson, tone of which has been paid, and the other assigned away and Johnson surrendered to Thompson his bond, and procured Thompson to execute one to Collier; that not long after, Collier discovered that neither Thompson nor Johnson had any title, and therefore, to secure his possession and improvements, he purchased of John Graham; that Johnson will neither refund the price received nor deliver up the notes.
Prayer of the bill for relief.
Johnson’s answer.
The bill prays a decree against the defendants, to refund the price, and for general relief.
The defendant Johnson, denies the fraud and combination; but admits he had bought of Thompson, and hearing rumors that Thompson had no title applied for a rescission of the contract, and wished to get his property back from him; that Thompson was willing to rescind, but unwilling to refund, and stated that complainant wanted the land and would give fifty dollars more for it; that complainant was sent for; that he, Johnson, communicated to him the rumors, he had heard; and that he was unwilling to be bound in any way for the title; that, with full notice of the defendant Johnson’s reasons for wishing to get clear of the land, the complainant agreed to take Thompson’s own bond to himself, and to give to Johnson $150, as stated in the bill; of which §100 has been paid, the other note assigned away. He alleges that the complainant applied to him, and proposed to let the §50 first paid go against the use of the land, and that defendants should give up the notes, to which the defendant agreed, provided complainant would let him have the benefit of Thompson’s bond; that which defendant held, having been surrendered to Thompson at the time that complainant took Thompson’s bond to himself, and gave his notes to Johnson; but comp *83 lainant utterly refused, saying he would not take $300 for the land.
Facts apparent by the exhibits.
Bill pro confesso against Thompson.
Interlocutory decree of the circuit court.
Final decree,
The obligation of Thompson to Collier; exhibited by complainant, bears date 26th December, 1814. and covenants to convey the three surveys, made for Thompson, provided the works are returned in his name, and the patents issue to him; and on the obligation, is, endorsed an order for transfer of the Surveys for the complainant, and John Graham, to where it was directed endorses that the surveys were not made by him for Thompson, but for Damron, that Damron has assigned them to him, Graham, and therefore he rejects the order. This application and rejection bears date 2d July, 1813.
At the time of the contract complained of, Collier gave to Johnson a written declaration, that if he did not pay the two notes punctually, the land was to remain said Johnson’s property. This has beets taken up and is exhibited by the complainant.
As to Thompson, it seems, that since that time he has left the state, and as to him the bill is taken pro confesso, upon publication.
One note fell due in the fall of the year, 1815, the other the year after.
October, 1819, on the hearing, the circuit judge entered an interlocutor, directing. Collier to assign Thompson's bond to Johnson without recourse; which was done, as appears by the record of the decree and assignment on the bond; decreed, that Johnson should refund the $130 with interest; that Collier should surrender possession to Johnson, on, or before the next term, and if unable to do so, then the decree to be set aside.
At July term, 1820, the judge entered a fined decree, “that the interlocutory decree heretofore rendered in this cause, be set aside, and that the complainant’s bill be dismissed, and the defendants go hence without day, and recover of the complainants their costs by them, about their defence herein, expended.”
Supplemental bill.

Ruda indigesta que suoles.

As to the supplemental bill, in nature of a bill of review, first filed by order of the court, then demurred to, then refused to be filed, and finally dismissed with costs, it is sufficient to say there is nothing in it, upon which the court ought, to have acted, either as a supplemental bill or bill of review.
This record from beginning to end, exhibits a curious specimen of proceedings in a court, it may truly be called “ruda indigesta que moles; (a rude and undigested heap.)
The decree as to Thompson, dismissing the bill pro confesso absolutely and with costs upon the bearing and order taking it pro confesso is erroneous. Thompson had sold the land and professed to have right to sell, he obliged himself to convey it if the patents issued to him. and gave an order to authorize the grant to issue to complainant. It does not appear that he had any right, or interest other than a mere naked possession, accompanied with some verbal direction by one Damron to Graham, that if Thompson paid $50, Graham should convey to him some undefined quantity of the land. But what right Damron had, does not appear. By this decree unreversed, the complainant would be without any remedy against Thompson.
As to Johnson, there is evidence to shew that be knew Thompson had no right, and yet sold to Collier, substituting Thompson in his place, yet, taking the purchase money to himself, which lie bad demanded of Thompson because he had discovered the defect of Thompson’s claim; and there is evidence tending to induce a belief that the sale to Collier was a contrivance between Thompson and Johnson, to get the price from Collier which Thompson had received from Johnson, and was unwilling to refund.
On the oilier hand there is evidence conducing to chew by the confession of Collier, that he knew that Thompson’s claim was defective, that he bargained notwithstanding, and was unwilling to give up his contract to Johnson, and surrender the possession acquired under that contract.
Where the purchaser of land sells it, and transfers the possession so as to be unable to restore it, he shall not have a rescission.
Dismissal without prejudice.
Cost refused on reversal is part.
Mandate for a reformation of the decree by directing the cancelment of an assignment of an obligation and surrender of it, directed by the interlocutory decree.
Barry, for plaintiffs; Triplett, for defendants.
Had he not purchased of Graham, and caused the title so purchased to He made to his son and to Tackett, nor transferred the possession, the court ought to have rescinded the contract between him and Thompson and Johnson, and placed the parties in statu quo But by acting upon the contract after full knowledge of his equitable right to ask a-rescission, and transferring the possession he had acquired under Thompson and Johnson, knit to his purchase from Graham, he has put it out of his power to place them in statu quo.
What quantity of land was contemplated as within the three surveys, does not appear; nor does it yet appear what quantity he purchased of Graham, nor how Graham derived his title.
The cause has been so conducted throughout, as to give the chancellor no data whereon to found a decree other than a dismissal without prejudice.
As to the decree between the complainant and Johnson as it now stands, Collier has been made to execute an assignment to Johnson, of Thompson’s bond without recourse; and the complainant is left without his purchase, and without a re-assignment, and his bill has been dismissed without reserve. This part of the decree must be reformed;
It is, therefore, decreed and ordered, that the decree rendered by the court below, be reversed, and the cause remanded to that court, with directions to cause said assignment from Collier to Johnson to be cancelled, and the bond of Thompson to Collier, to be delivered to Collier the complainant, to dismiss the bill without prejudice to any suit at law against the defendants, Thompson and Johnson or either of them. The defendants to have their costs in the court below to be paid by the complainants. And it is further decreed and ordered that each party pay his own costs in this behalf expended, in this court.